

**ORIGINAL**

**FILED**

AUG 2 9 2023

Clerk, U.S. District Court
Eastern District of Texas

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:19-CR-321 |
| | § | Judge Mazzant |
| CARLOS DANILO PRECIADO NAVARIJO | § | |
| a.k.a. Carlos/Kiko | § | |

### PLEA AGREEMENT

The defendant, **Carlos Danilo Preciado Navarijo**, the defendant's attorney,

Rafael De La Garza, II, and the United States Attorney for the Eastern District of Texas

agree to the following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)**:

1.     **RIGHTS OF THE DEFENDANT:**  The defendant understands that accused

individuals have the following rights, among others:

        a.     to plead not guilty;

        b.     to have a trial by jury;

        c.     to have guilt proved beyond a reasonable doubt;

        d.     to confront and cross-examine witnesses and to call witnesses in
                defense; and

        e.     to not be compelled to testify against oneself.

2.     **WAIVER OF RIGHTS AND PLEA OF GUILTY:**  The defendant waives these

rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges

a violation of 21 U.S.C. § 963, Conspiracy to Manufacture and Distribute Cocaine

Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be

Unlawfully Imported into the United States.  The defendant understands the nature and

Plea Agreement – Page 1

elements of the crime to which guilt is admitted and agrees that the Factual Basis the

defendant has signed is true and will be submitted as evidence.

3.     SENTENCE:  The maximum penalties the Court can impose include:

    a.     If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine -- not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years;

    b.     a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

    c.     forfeiture of property involved or traceable to the criminal offense;

    d.     restitution to victims or to the community; and

    e.     costs of incarceration and supervision.

4.     AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):  The parties

agree that the following stipulations yield the appropriate sentence in this case:

    a.     The parties have agreed to a sentence of 120 months of imprisonment;

    b.     The defendant will not receive a fine;

    c.     The defendant will pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing; and

    d.     The defendant will receive a term of 5 years of supervised release.

The parties understand that the Court may decline to accept this agreement.  If the

Court does not accept the agreement, the defendant will be given the opportunity to

withdraw from the plea.

5.      **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

6.      **RESTITUTION:** The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual basis. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

7.      **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

Plea Agreement – Page 3

8.      **VIOLATION OF AGREEMENT**:  The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.

9.      **VOLUNTARY PLEA**:  This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

10.     **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement.  The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

11.     **WAIVER OF RIGHT TO RECORDS**:  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought

Plea Agreement – Page 4

under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

12.     **IMMIGRATION STATUS CONSEQUENCES**:  Defendant recognizes that pleading guilty to a crime may affect the immigration status of people who are not citizens of the United States.  Under federal law, a broad range of crimes are removable offenses including the offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect this conviction will have on the defendant's immigration status.  The defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

13.     **REPRESENTATION OF COUNSEL**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation.  The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea.  After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

14.     **LIMITATIONS ON THIS AGREEMENT**:  This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be

construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15.   **ENTIRETY OF AGREEMENT**:   This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.   The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

Dated: ___6/27/23___

_____
ERNEST GONZALEZ
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

Dated: _03/27/2023_

_____
CARLOS DANILO PRECIADO
NAVARIJO
Defendant

Plea Agreement – Page 6

I am counsel for the defendant.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: _3/23/23_____

_____
RAFAEL DE LA GARZA, II
Attorney for Defendant

**Plea Agreement – Page 7**